# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| T.B., deceased, by his mother, | \* | No. 13-1001V |
| CHRISTINA MOORE, | \* | Special Master Christian J. Moran |
| | \* | |
| Petitioner, | \* | Filed: September 15, 2014 |
| | \* | |
| v. | \* | Stipulation; Diphtheria-Tetanus- |
| | \* | acellular Pertussis ("DTaP"); |
| SECRETARY OF HEALTH | \* | Hepatitis B; Inactivated Poliovirus |
| AND HUMAN SERVICES, | \* | ("IPV"); Pneumococcal Conjugate |
| | \* | ("Prevnar") vaccines; encephalopathy |
| Respondent. | \* | or encephalitis; death. |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

William E. Cochran, Jr., Black McLaren et al., Memphis, TN., for Petitioner;
Lindsey Corliss, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION[1]

On September 11, 2014, respondent filed a joint stipulation concerning the petition for compensation filed by Christina Moore on December 18, 2013, on behalf of her child, T.B. In her petition, Ms. Moore alleges that the Diphtheria-Tetanus-acellular Pertussis (DTaP"), Hepatitis B, Inactivated Poliovirus ("IPV") and Pneumococcal Conjugate ("Prevnar") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. §100.3(a), and which T.B. received on or about December 20, 2012, caused him to suffer an encephalopathy or encephalitis resulting in death. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of the Estate of T.B. as a result of his alleged injury, resulting in death.

Respondent denies that the vaccines received by T.B. caused any injury or his death; and denies that T.B.'s death occurred as the result of a vaccine-related injury.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the party has 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Nevertheless, the parties agree to the joint stipulation, attached hereto as "Appendix A." The undersigned finds said stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

Damages awarded in that stipulation include:

**A.** A lump sum payment of $1,300.00, in the form of a check jointly payable to petitioner as legal representative of the Estate of T.B. **and**

**Optum, on behalf of United Healthcare Community Plan**
**75 Remittance Drive, Suite 6019**
**Chicago, IL 60675-6019**
**Attn: Teisha Orduno**

**Representing compensation for satisfaction of the state of Tennessee's Medicaid lien resulting from payments made to or on behalf of T.B. Petitioner agrees to endorse the check to Optum, and,**

**B. A lump sum of $20,700.00 in the form of a check payable to petitioner as legal representative of the Estate of T.B. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).**

In the absence of a motion for review filed pursuant to RCFC, Appendix B, the clerk is directed to enter judgment in case 13-1001V according to this decision and the attached stipulation.[2]

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

s/ Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties can expedite entry of judgment by each party filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

—————————————————————

|  |  |  |  |
|---|---|---|---|
| T.B., deceased, by his mother, CHRISTINA MOORE, | ) ) ) ) |  |  |
| Petitioner, | ) ) | No. 13-1001V   ECF |  |
| v. | ) ) | Special Master Moran |  |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) |  |  |
| Respondent. | ) ) ) |  |  |

—————————————————————

**STIPULATION**

The parties hereby stipulate to the following matters:

1.      On behalf of the Estate of T.B., deceased, petitioner Christina Moore, as parent of T.B., filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for an injury, resulting in death, allegedly related to T.B.'s receipt of the Diphtheria-Tetanus-acellular Pertussis("DTaP"), Hepatitis B, Inactivated Poliovirus ("IPV"), and Pneumococcal Conjugate ("Prevnar") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.      T.B. received the vaccines on or about December 20, 2012.

3.      The vaccines were administered within the United States.

4.      Petitioner alleges that T.B. suffered an encephalopathy or encephalitis and died as a result of the vaccinations he received on December 20, 2012.

5.      Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of the Estate of T.B. as a result of his alleged injury, resulting in death.

6.      Respondent denies that the vaccines received by T.B. caused any injury or his death; and denies that T.B.'s death occurred as the result of a vaccine-related injury.

7.      Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.      As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

a.      A lump sum of **$1,300.00** in the form of a check jointly payable to petitioner as legal representative of the Estate of T.B. and

Optum, on behalf of United Healthcare Community Plan,
75 Remittance Drive, Suite 6019
Chicago, IL 60675-6019
Attn: Teisha Orduno,

Representing compensation for satisfaction of the State of Tennessee's Medicaid lien resulting from payments made to or on behalf of T.B.  Petitioner agrees to endorse the check to Optum; and

b.      A lump sum of **$20,700.00** in the form of a check payable to petitioner as legal representative of the Estate of T.B.  This amount represents compensation for all remaining damages that would be available under 42 U.S.C. § 300aa-15(a).

9.      As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings

before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.     Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11.     Petitioner represents that she presently is, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representative of the Estate of T.B. under the laws of the State of Tennessee.  No payments pursuant to this Stipulation shall be made until petitioner provides the Secretary with documentation establishing her appointment as the legal representative of the Estate of T.B.  If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of the Estate of T.B. at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the legal representative of the Estate of T.B. upon submission of written documentation of such appointment to the Secretary.

12.     In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity and as legal representative of the Estate of T.B., on behalf of herself and T.B.'s heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or

3

unsuspected personal injuries to or death of T.B. resulting from, or alleged to have resulted from, the vaccinations administered on or about December 20, 2012, as alleged by petitioner in a petition for vaccine compensation filed on or about December 18, 2013, in the United States Court of Federal Claims as petition No. 13-1001V.

13.     If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14.     This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15.     This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the vaccines received by T.B. caused him to suffer any injury or death; or that T.B.'s death occurred as the result of a vaccine-related injury.

16.     All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the Estate of T.B.

END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

_Christina Moore_
CHRISTINA MOORE

ATTORNEY OF RECORD FOR
PETITIONER:

_William E. Cochran Jr._

WILLIAM E. COCHRAN, JR., ESQ.
Black McLaren Jones Ryland & Griffee, P.C.
530 Oak Court Drive, Suite 360
Memphis, TN 38117
Tel: (901) 762-0535

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_Vincent J. Matanoski_

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_A. Melissa Houston_

A. MELISSA HOUSTON, M.D., M.P.H, FAAP
Acting Director, Division of
Vaccine Injury Compensation (DVIC),
Acting Director, Countermeasures Injury
Compensation Program,
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

_Lindsay Corliss_

LINDSAY CORLISS
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-9197

Dated: _9/11/2014_

5